**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

**No. 5:11-CV-00101-FL**

| | | |
|---|---|---|
| KEITH JAMES SEARS,<br><br>Plaintiff,<br><br>v.<br><br>DEBRA PRICE, BERNARD P. CONDLIN, SUE GENRICH BERRY, DEE W. BRAY, ALLISON STANDARD, BRUCE T. CUNNINGHAM, JR., MUNICIPALITY OF CUMBERLAND COUNTY, and CITY OF FAYETTEVILLE,<br><br>Defendants. | ) | **MEMORANDUM AND RECOMMENDATION** |

This matter is before the Court for reconsideration of Plaintiff's original complaint [DE-1] in light of Plaintiff's motions to amend the complaint [DE-2, DE-5, DE-12] and on Plaintiff's motion to appoint counsel [DE-7]. Chief Judge Flanagan has referred these matters to the undersigned Magistrate Judge for a memorandum and recommendation.

**STATEMENT OF THE CASE**

*Pro se* Plaintiff Keith James Sears, a North Carolina state inmate, filed the instant action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 on March 7, 2011. Plaintiff's original Complaint [DE-1] named as defendants six attorneys—Debra Price, Bernard P. Condlin, Sue Genrich Berry, Dee W. Bray, Allison Standard, and Bruce T. Cunningham—as well as the County of Cumberland and the City of Fayetteville. In general, Plaintiff's original complaint alleged that his constitutional rights had been consistently violated by Defendants since his June 21, 2007 arrest on kidnapping and assault charges. Compl. at 2 [DE-1].

Plaintiff's original complaint came before the undersigned for frivolity review under 28 U.S.C. § 1915 and, accordingly, on April 18, 2011, the undersigned issued a Memorandum and Recommendation [DE-3] which recommended that Plaintiff's original complaint be dismissed in its entirety as to Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham for failure to state a claim upon which relief may be granted under Section 1983. April 18, 2011 M&R at 4 [DE-3]. However, the undersigned did recommend that the complaint be allowed to proceed as to a Section 1983 conditions of confinement claim against Defendants County of Cumberland and City of Fayetteville. *Id.* at 5-6. The undersigned also noted that Plaintiff appeared to intend to file a *separate* action regarding an alleged beating that took place sometime in May of 2010 and, thus, declined to issue a recommendation as to that claim on frivolity review at that time.[1] *Id.* at 5.

Subsequently, Plaintiff filed a number of additional documents with the Court, including three documents construed by the Court to be amended complaints [DE-2, DE-5, DE-12] and two sets of objections [DE-5, DE-6] to the undersigned's April 18, 2011 memorandum and recommendation. Though interrelated, the three proposed amended complaints address different aspects of Plaintiff's claims. Accordingly, Chief Judge Flanagan issued an Order [DE-19] on May 26, 2011 which provisionally allowed all of the proposed amendments to Plaintiff's complaint and directed that the undersigned renew or revise the original memorandum and recommendation, as appropriate, in light of the proposed amendments and objections. May 26, 2011 Order at 2-3 [DE-19].

[1] Due to Plaintiff's clear intent in the original complaint to file a separate action regarding the alleged May 2010 beating, as well as the fact that, though the incident itself is mentioned, no claim regarding the May 2010 beating is raised in any of the proposed amended complaints, the undersigned continues to decline to read a Section 1983 claim regarding this event into the instant action. The undersigned does note that Plaintiff also mentions he has not included the May 2010 beating in the instant action because it happened in state prison. Prop. Am. Compl. at 5 [DE-12-1].

In his first proposed amended complaint [DE-2], filed on April 12, 2011,[2] Plaintiff seeks to amend his original complaint by adding "an additional 15 pages of constitutional violation [sic] and 45 pages of exhibitory evidence." Mot. to Am. Compl. at 2 [DE-2]. The first proposed amended complaint elaborates on the facts and circumstances surrounding the alleged constitutional violations and, notably, seeks leave to add three additional defendants: (1) Major McRainey, the major of Cumberland County Jail; (2) the Cumberland County Sheriff's Department; and (3) the Cumberland County Jail Healthcare. *Id.* at 2-3.

In his second proposed amended complaint [DE-5] and objections [DE-6] to the original memorandum and recommendation, filed on May 3, 2011 and May 5, 2011, respectively, Plaintiff takes issue with the undersigned's recommendation that all claims against the six attorney defendants should be dismissed. In sum, Plaintiff agrees to the dismissal of Defendants Berry, Bray, Standard and Cunningham but does not agree to the dismissal of Defendants Price and Condlin and, therefore, renews his allegations that they participated in the alleged Section 1983 constitutional violations. Obj. to M&R at 2 [DE-6].

In his third proposed amended complaint [DE-12], filed on May 13, 2011, Plaintiff notes that Defendants Cumberland County and City of Fayetteville might potentially implicate a "large scope of persons" and thus seeks leave to add five additional defendants, in addition to those mentioned in the first amended complaint: (1) Cumberland County Jail's Health and Dental Care Providers; (2) John Doe Doctor; (3) John Doe Dentist; (4) Captain Tyndell, supervisor at Cumberland County Jail; and (5) Sergeant Tapps, supervisor at Cumberland County Jail. Mot. for Leave to File Am. Compl. 2-3 [DE-12]; Prop. Am. Compl. at 2-3 [DE-12-1]. The third proposed amended complaint once again further elaborates on the facts and circumstances

---

[2] The undersigned notes for the record that Plaintiff's first amended complaint was in fact filed prior to the undersigned's issuance of the original memorandum and recommendation.

surrounding the alleged constitutional violations and, notably, asserts that the acts complained of amount to not only a Section 1983 conditions of confinement claim, but also to additional Eighth Amendment violations, captioned as "deliberate indifference, exercise and sunshine, excessive confinement, excessive hardship, and serious medical needs/delayed care." Mot. for Leave to File Am. Comp. at 6-9, 14 [DE-12].

In addition to the proposed amended complaints, Plaintiff filed a Motion to Appoint Counsel [DE-7] on May 5, 2011, which is also currently before the Court for memorandum and recommendation. In the motion to appoint counsel, Plaintiff requests that the Court appoint counsel to represent him in the instant action because, generally, he cannot find counsel to represent him, the case is factually and legally complex, he does not have access to appropriate legal resources while incarcerated, his ability to investigate and present his claims is impaired, and the allegations, if proved, have clear constitutional merit. Mot. to Appoint Counsel at 1-2 [DE-7]; Mem. of Law in Supp. of Pl.'s Mot. to Appoint Counsel at 3-7 [DE-8].

## ANALYSIS

### 1. Renewed frivolity review under 28 U.S.C. § 1915

When conducting a frivolity review under 28 U.S.C. § 1915, the Court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief may be granted, or which seeks money damages from a defendant immune from such recovery. *Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, the Court is

not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

In the original complaint and the three proposed amended complaints, Plaintiff has asserted jurisdiction solely pursuant to 42 U.S.C. § 1983. Section 1983 provides a private right of action where a person acting under the color of state law deprives an individual of a federally protected right. 42 U.S.C. § 1983. After careful review of Plaintiff's original complaint and the three proposed amended complaints, giving due consideration to Plaintiff's *pro se* status, the undersigned concludes that the matter continues to survive frivolity review *in part*.

In sum, for the reasons that follow, the undersigned: (1) renews the recommendation that the complaint be dismissed in its entirety as to Defendants Berry, Bray, Standard, and Cunningham; (2) revises the recommendation that Defendants Price and Condlin be dismissed from the action and instead recommends that a Section 1983 conditions of confinement claim be allowed to proceed as to those two defendants; (3) renews the recommendation that a Section 1983 conditions of confinement claim be allowed to proceed as to Defendants County of Cumberland and City of Fayetteville; (4) recommends that the complaint *not* be amended to add Defendant Cumberland County Sheriff's Department as a defendant; (5) recommends that the complaint be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants and allow a Section 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them; (6) recommends that the complaint be amended to add McRainey, Tyndell, and Tapps as defendants and allow a Section 1983 conditions of confinement claim to proceed against them; and (7) renews the recommendation that any and all other claims purportedly raised by the complaint(s) be dismissed in their entirety.

**a. Claims against Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham**

Six of the defendants named in the original complaint—Defendants Price, Condlin, Berry, Bray, Standard, and Cunningham—are private citizens and North Carolina attorneys. Generally, private citizens are not subject to liability under Section 1983 unless they engage in conduct that qualifies as state action. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). In the April 18, 2011 memorandum and recommendation, the undersigned concluded that Plaintiff had alleged no facts that could conceivably support a finding that any of these six persons engaged in state action or attempted to explain how this could possibly be the case, beyond a blanket statement that "all attorneys work together to protect the state." April 18, 2011 M&R at 4.

In his second proposed amended complaint and objections to the original memorandum and recommendation, Plaintiff addresses the undersigned's recommendation as to the attorney defendants. Though Plaintiff agrees to the dismissal of Defendants Berry, Bray, Standard and Cunningham, "because they were brought into the case after the conviction was final," he does not agree to the dismissal of Defendants Price and Condlin because they "did conspire with government employees to keep the plaintiff under cruel conditions of duress, with the motive of tactical advantage to cause an actual prejudicial injury." Mot. to Am. Compl., Obj. to M&R at 2 [DE-5]. Accordingly, the undersigned will treat Plaintiff's allegations as to Defendants Berry, Bray, Standard, and Cunningham as abandoned and renews the recommendation that the complaint be dismissed as to those four defendants.

In his filings, Plaintiff also elaborates on his allegations against the two remaining attorneys—Defendants Price and Condlin. In sum, Plaintiff appears to believe that Defendants Price and Condlin conspired with government officials to obstruct justice and deny Plaintiff

equal protection of the law. Mot. to Am. Compl., Obj. to M&R at 2. Plaintiff also alleges that the constitutional violations complained of were "at the discression [sic] and knowledge of his attorney(s) and in conspiracy with local government" and constituted an attempt to "affect the plaintiff(s) comptency [sic] to withstand trial and to be certain that his trial was calendared during the History changing (2008-09) election year." *Id.* Essentially, Plaintiff appears to believe that his attorneys encouraged and conspired with government officials to create the conditions of confinement which serve as the basis for his Section 1983 claims against various other defendants in this action and asserts that this is sufficient to constitute state action under Section 1983.

Generally, even if court-appointed, attorneys are private parties and do not act under color of state law for purposes of Section 1983 liability. *See Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). However, the Supreme Court has held that a private party, including an attorney, may act under color of state law for purposes of Section 1983 if he engages in a conspiracy with state officials to deprive another of federal rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). In order to prove the existence of such a conspiracy, a plaintiff must show an agreement or a meeting of minds to violate his constitutional rights. *See, e.g.*, *Simmons v. Justice*, 2000 WL 33529637, at *4 (W.D.N.C. Oct. 31, 2000).

Here, Plaintiff has alleged that Defendants Price and Condlin conspired with local government officials to knowingly create the constitutional violations which serve as the basis for his Section 1983 conditions of confinement claim against other defendants in this action. The Court notes that Plaintiff has provided the Court with virtually no evidence of how or why this might be the case, beyond bald assertions of wrongdoing on the part of Defendants Price and Condlin. However, giving due regard to Plaintiff's *pro se* status and his lack of access to

documentation as an incarcerated individual, the Court finds that it would be inappropriate to dismiss the complaint as to the remaining two attorneys at this early stage in the litigation. Accordingly, the undersigned revises the recommendation that Defendants Price and Condlin be dismissed and instead recommends that a Section 1983 conditions of confinement claim, grounded in a conspiracy theory, be allowed to proceed as to these two defendants.

In sum, the undersigned treats Plaintiff's allegations as to Defendants Berry, Bray, Standard, and Cunningham as dismissed per the original complaint but finds it inappropriate to dismiss the complaint as to Defendants Price and Condlin at this time. Accordingly, the Court **RENEWS THE RECOMMENDATION** that the complaint be **DISMISSED** in its entirety as to Defendants Berry, Bray, Standard, and Cunningham and **REVISES THE RECOMMENDATION** that Defendants Price and Condlin be dismissed from the action and instead **RECOMMENDS** that a Section 1983 conditions of confinement claim be allowed to proceed as to those two defendants.

**b. Claims against Defendants County of Cumberland, City of Fayetteville, McRainey, Cumberland County Sheriff's Department, Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, John Doe Dentist, Tynell, and Tapps**

The remaining two defendants named in the original complaint were the County of Cumberland and the City of Fayetteville. In his proposed amended complaints, Plaintiff has also requested leave to add eight additional defendants: (1) Major McRainey, the major of Cumberland County Jail; (2) the Cumberland County Sheriff's Department; (3) the Cumberland County Jail Healthcare; (4) Cumberland County Jail's Health and Dental Care Providers; (5) John Doe Doctor; (6) John Doe Dentist; (7) Captain Tyndell, supervisor at Cumberland County Jail; and (8) Sergeant Tapps, supervisor at Cumberland County Jail.

In his three proposed amended complaints, Plaintiff has elaborated on the allegations in his original complaint and clearly evidenced his intent to assert a Section 1983 claim regarding the conditions of his confinement as to all ten of these defendnats. Plaintiff appears to also be attempting to add additional claims, captioned as deliberate indifference, exercise and sunshine, excessive confinement, excessive hardship, and serious medical needs/delayed care. *See* Mot. for Leave to File Am. Comp. at 6-9, 14 [DE-12].

**i. Claims against Defendants County of Cumberland and City of Fayetteville**

In *Monell v. Dep't of Soc. Servs. of City of New York*, the Supreme Court held that municipalities and other local governments are "persons" subject to liability for constitutional violations under Section 1983. 436 U.S. 658, 690 (1978). The Fourth Circuit has held that a county is considered to be a municipal entity for purposes of Section 1983. *See, e.g.*, *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989). The undersigned recommended in the original memorandum and recommendation that Plaintiff be allowed to proceed as to his Section 1983 conditions of confinement claim against Defendants County of Cumberland and the City of Fayetteville. April 18, 2011 M&R at 6-7. Though the undersigned continues to have the same reservations about Plaintiff's ability to show the requisite exhaustion of administrative remedies[3] and institutional policy[4] as before, the undersigned sees no reason to deviate from the previous recommendation at this juncture and, accordingly, renews the

[3] The Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under Section 1983 concerning his confinement. *Woodford v. Neo*, 548 U.S. 81, 83-85 (2006); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005). The undersigned noted in the April 18, 2011 memorandum and recommendation that Plaintiff has not provided clear evidence that this requirement has been satisfied and this continues to be the case.

[4] A municipality or one of its agencies may only be found liable under Section 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690; *see also Berkley v. Common Council of City of Charleston*, 63 F.3d 295 (4th Cir. 1995). The undersigned noted in the April 18, 2011 memorandum and recommendation that Plaintiff has not provided clear evidence that this requirement has been satisfied and this continues to be the case.

recommendation that a Section 1983 conditions of confinement claim be allowed to proceed against these two defendants.

**ii. Claims against Defendant Cumberland County Sheriff's Department**

On the first two pages of his first proposed amended complaint, Plaintiff mentions a desire to add the Cumberland County Sheriff's Department as a defendant in this action. However, Plaintiff does not mention the Cumberland County Sheriff's Department again in any detail and does not renew the request to add this particular defendant in any of the other proposed amended complaints filed subsequently. In addition, under North Carolina law, sheriff's departments lack the capacity to be sued in the federal courts of this state. *See*, *e.g.*, *Parker v. Bladen County*, 583 F. Supp. 2d 736, 740 (E.D.N.C. 2008) ("[A] county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department."). Accordingly, the undersigned recommends that the complaint *not* be amended to add the Cumberland County Sheriff's Department as a defendant.

**iii. Claims against Defendants Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist**

Plaintiff has also attempted to amend his complaint to add as defendants Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist. Plaintiff describes at length in many of his filings his belief that he received substandard health and dental care while incarcerated at the Cumberland County Jail. *See, e.g.*, Mot. to Am. Compl. at 7 [DE-2]. Therefore, though his claims are captioned as "deliberate indifference, exercise and sunshine, excessive confinement, excessive hardship, and serious medical needs/delayed care," it appears to the undersigned that Plaintiff is in fact

essentially attempting to assert an Eighth Amendment deliberate indifference claim as a result of these conditions.

Deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under Section 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In order to "establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). At this early stage in the litigation, the undersigned concludes that Plaintiff has alleged facts sufficient to support maintenance of a Section 1983 claim for deliberate indifference under the Eighth Amendment.

The undersigned does note that Plaintiff has referred at varying points to the entities involved in his healthcare as Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist. At this juncture, the undersigned is inclined to allow Plaintiff to amend his complaint to assert Section 1983 claims against all four of these defendants, with the understanding that some of all of Plaintiff's characterizations may be intended to reflect the same person or group of persons.[5] Accordingly, the undersigned recommends that the complaint be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and

---

[5] It appears to the undersigned that Plaintiff's intention is to add as defendants any and all persons or parties who participated in the healthcare he received while at the Cumberland County Jail. However, the undersigned does note that, to the extent any of these entities do not exist as explicitly named and Plaintiff is unable to serve them, they may be subject to dismissal at a later date.

John Doe Dentist as defendants and allow a Section 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them.

### iv. Claims against McRainey, Tynell, and Tapps

Plaintiff has also attempted to amend his complaint to add as defendants three correctional officers at the Cumberland County Jail: Major McRainey, Captain Tyndell, and Sergeant Tapps. In the original memorandum and recommendation, the undersigned had noted that Plaintiff had failed to name any correctional officers as defendants, despite his allegations of unconstitutional conditions of confinement. April 18, 2011 M&R at 6-7. Thus the undersigned notes here that the addition of these three defendants appears to be an attempt on Plaintiff's part to address the undersigned's concerns. It is well-settled that correctional officers act under color of state law when performing official duties. Accordingly, the undersigned recommends that the complaint be amended to add the McRainey, Tynell and Tapps as defendants and allow a Section 1983 conditions of confinement claim to proceed against them.

In sum, the undersigned **RENEWS THE RECOMMENDATION** that a Section 1983 conditions of confinement claim be allowed to proceed as to Defendants County of Cumberland and City of Fayetteville, **RECOMMENDS** that the complaint *not* be amended to add Defendant Cumberland County Sheriff's Department, **RECOMMENDS** that the complaint be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants and allow a Section 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them, and **RECOMMENDS** that the complaint be amended to add McRainey, Tyndell, and Tapps as defendants and allow a Section 1983 conditions of confinement claim to proceed against them. Further the undersigned **RENEWS THE RECOMMENDATION** that any and all other claims

purportedly raised by the complaint(s) be dismissed in their entirety as inappropriately raised in a Section 1983 action.[6]

**2. Motion to appoint counsel**

This matter is also before the Court on Plaintiff's motion to appoint counsel. Under 28 U.S.C. § 1915(e)(1), the may appoint counsel upon the request of a *pro se* litigant. However, such appointment of counsel is discretionary and should be granted only upon a showing of exceptional circumstances. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). As set forth in *Whisenant*, before appointing counsel, the court should consider (1) the complexity of the case, and (2) the ability of the movant to present the case. *Id.*

After a thorough review of the pleadings in this case, the undersigned concludes that Plaintiff is capable of adequately representing himself in this action. Plaintiff has presented coherent arguments and cited relevant case law, the case does not appear to be so complex as to prevent Plaintiff from adequately presenting his claims. For these reasons, it is **RECOMMENDED** that Plaintiff's motion to appoint counsel be **DENIED**.

## CONCLUSION

Upon reconsideration of Plaintiff's provisionally allowed amended complaints [DE-2, 5, 12], the undersigned **RECOMMENDS** that the complaint be amended and the action allowed to proceed as follows:

(1) **RENEWS THE RECOMMENDATION** that the complaint be **DISMISSED** in its entirety as to Defendants Berry, Bray, Standard, and Cunningham;

[6] The undersigned notes that, as in the original complaint, Plaintiff also appears to be continuing to attempt to use this action to challenge the evidence used to secure his conviction, assert a speedy trial violation, and make claims of ineffective assistance of counsel, among various other grievances. However, a Section 1983 action is not the appropriate vehicle for any of these claims and, accordingly, Plaintiff has failed to state a claim upon which relief may be granted as to any and all other claims purportedly asserted in the complaint(s). *See also* April 18, 2011 M&R at 7.

(2) **REVISES THE RECOMMENDATION** that Defendants Price and Condlin be dismissed from the action and instead **RECOMMENDS** that a Section 1983 conditions of confinement claim be allowed to proceed as to those two defendants;

(3) **RENEWS THE RECOMMENDATION** that a Section 1983 conditions of confinement claim be allowed to proceed as to Defendants County of Cumberland and City of Fayetteville;

(4) **RECOMMENDS** that the complaint *not* be amended to add Defendant Cumberland County Sheriff's Department;

(5) **RECOMMENDS** that the complaint be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants and allow a Section 1983 claim for deliberate indifference under the Eighth Amendment to proceed against them;

(6) **RECOMMENDS** that the complaint be amended to add McRainey, Tyndell, and Tapps as defendants and allow a Section 1983 conditions of confinement claim to proceed against them; and

(7) **RENEWS THE RECOMMENDATION** that any and all other claims purportedly raised by the complaint(s) be dismissed in their entirety.

The Court further **RECOMMENDS** that Plaintiff's Motion to Appoint Counsel [DE-7] be **DENIED**.

Finally, Plaintiff is reminded that he is responsible for appropriately and timely serving all Defendants against which this action is ultimately allowed to proceed.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections.

Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 20th day of June, 2011.

DAVID W. DANIEL
United States Magistrate Judge