IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-101-FL

| KEITH JAMES SEARS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| DEBRA PRICE; BERNARD CONDLIN; SUE GENRICH BERRY; DEE W. BRAY; ALLISON STANDARD; BRUCE T. CUNNINGHAM, JR.; MUNICIPALITY OF CUMBERLAND COUNTY; and CITY OF FAYETTEVILLE, | ) | ORDER |
| Defendants. | ) | |

This matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the matter was referred to Untied States Magistrate Judge David W. Daniel for review and entry of a memorandum and recommendation ("M&R"). Also referred to the magistrate judge were several motions to amend the complaint (DE ## 2, 5, 12), and plaintiff's motion to appoint counsel (DE # 7). After entry of the M&R, plaintiff timely filed objection. Plaintiff has since filed a motion requesting that the United States Marshals Service serve copy of summons and complaint (DE # 25), and plaintiff's motion for extension of time to serve the complaint (DE # 26). The issues raised are ripe for review.

## BACKGROUND

*Pro se* plaintiff, a North Carolina state inmate, filed the instant action on March 7, 2011, alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's original

complaint named many defendants, including the County of Cumberland ("the County"), the City of Fayetteville ("the City"), and six attorneys, Debra Price, Bernard P. Condlin, Sue Genrich Berry, Dee W. Bray, Allison Standard, and Bruce T. Cunningham ("the attorney defendants"). Generally, plaintiff's original complaint alleged that his constitutional rights had been violated in various ways since his June 21, 2007, arrest on kidnapping and assault charges.

On May 26, 2011, the original complaint came before the court for frivolity review pursuant to 28 U.S.C. § 1915, with benefit of the magistrate judge's thoughtful analysis. The court noted the recommendation, however also acknowledged that plaintiff had filed several motions since referral to the magistrate judge, including the three motions to amend above referenced, as well as the motion to appoint counsel. The court therefore provisionally allowed the motions to amend and recommitted the matter to the magistrate judge with direction to renew or revise the original M&R as appropriate, in light of the amendments, and with direction to address also the motion to appoint counsel. In the same order, the court noted plaintiff's prolific and voluminous filings, and ordered plaintiff to refrain from making further filings until frivolity review was complete.

On June 20, 2011, the magistrate judge issued his renewed M&R, taking into account plaintiff's amendments. The court here incorporates the magistrate judge's description of plaintiff's proposed amendments, which are interrelated but address different claims:

> In his first proposed amended complaint [DE-2], filed on April 12, 2011, plaintiff seeks to amend his original complaint by adding "an additional 15 pages of constitutional violation [sic] and 45 pages of exhibitory evidence." Mot. To Am. Compl. At 2 [DE-2]. The first proposed amended complaint elaborates on the facts and circumstances surrounding the alleged constitutional violations and, notably, seeks leave to add three additional defendants: (1) Major McRainey, the major of Cumberland County Jail; (2) the Cumberland County Sheriff's Department; and (3) the Cumberland County Jail Healthcare. Id. at 2-3.

In his second proposed amended complaint [DE-5] and objections [DE-6] to the original memorandum and recommendation, filed on May 3, 2011 and May 5, 2011, respectively, plaintiff takes issue with the undersigned's recommendation that all claims against the six attorney defendants should be dismissed. In sum, plaintiff agrees to the dismissal of the defendants Berry, Bray, Standard and Cunningham but does not agree to the dismissal of defendants Price and Condlin, and, therefore, renews his allegations that they participated in the alleged Section 1983 constitutional violations. Obj. To M&R at 2 [DE-6].

In his third proposed amended complaint [DE-12], filed on May 13, 2011, plaintiff notes that Defendants Cumberland County and City of Fayetteville might potentially implicate a "large scope of persons" and thus seeks leave to add five additional defendants, in addition to those mentioned in the first amended complaint: (1) Cumberland County Jail's Health and Dental Care Providers; (2) John Doe Doctor; (3) John Doe Dentist; (4) Captain Tyndell, supervisor at Cumberland County Jail; and (5) Sergeant Tapps, supervisor at Cumberland County Jail. Mot for Leave to File Am. Compl. 2-3 [DE-12]; Prop. Am. Compl. At 2-3 [DE-12-1]. The third proposed amended complaint once again further elaborates on the facts and circumstances surrounding the alleged constitutional violations and, notably, asserts that the acts complained of amount to not only a Section 1983 conditions of confinement claim, but also to additional Eighth Amendment violations, captioned as "deliberate indifference, exercise and sunshine, excessive confinement, excessive hardship, and serious medical needs/delayed care." Mot. for Leave to File Am. Compl. at 6-9, 14 [DE-14].

In the renewed M&R, the magistrate judge recommends that plaintiff's action survive frivolity review only in part. As to plaintiff's motion to appoint counsel, the magistrate judge recommended that plaintiff's motion be denied. On June 30, 2011, plaintiff filed objection to the renewed M&R, wherein plaintiff states that he "agrees with the magistrate judge's recommendations ... [t]he plaintiff does however, object to the denial of his motion for the appointment of counsel."

Also on June 30, 2011, despite previous order that plaintiff refrain from further filings, plaintiff also filed motion requesting the Marshal to serve summons and complaint, and also a motion for extension of time to serve the complaint.

3

## DISCUSSION

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

1.  Review and Adoption of the Magistrate Judge's Recommendations

Plaintiff's objection to the M&R states that he "agrees with the magistrate judge's recommendations . . . [t]he plaintiff does however, object to the denial of his motion for the appointment of counsel." Given plaintiff's specific objection to the recommendation that the court deny his motion to appoint counsel, the court performs a *de novo* review of the issue.

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individual bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other

grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

Here, plaintiff contends that appointment of counsel is warranted in this case based on plaintiff's inability to secure counsel, plaintiff's lack of access to adequate legal resources in prison, plaintiff's unfamiliarity with legal procedures, and the complexity of the case. Based on a thorough review of the pleadings and motions filed in this case, the court concludes with confidence that plaintiff is capable of representing himself in this action. His abilities in research, writing, and argument are well-demonstrated on the record. Further, the case is not exceptionally complex. For these reasons, plaintiff's objection is overruled, and plaintiff's motion to appoint counsel is denied.

Having reviewed *de novo* those portions of the M&R to which specific objections were filed, the court proceeds to review for clear error those portions of the M&R to which no specific objection was filed. Having reviewed the magistrate judge's findings and recommendations, the relevant case law, and the pleadings and other filings in this case, the court discerns no clear error. Accordingly, the court adopts the findings and recommendations of the magistrate judge in full. Those viable claims identified by the magistrate judge are accordingly determined not frivolous, and plaintiff shall be permitted to amend his complaint as recommended by the magistrate judge, which recommendations are adopted in full herein. Specifically:

i. Plaintiff's complaint shall be dismissed in its entirety as to defendants Berry, Bray, Standard, and Cunningham;
ii. A § 1983 conditions of confinement claim shall be permitted to proceed against Price and Condlin;
iii. A § 1983 conditions of confinement claim shall be permitted to proceed as against the County and the City;
iv. The complaint shall not be amended to add Cumberland County Sheriff's Department as a defendant;
v. The complaint shall be amended to add Cumberland County Jail Healthcare, Cumberland County Jail's Health and Dental Care Providers, John Doe Doctor, and John Doe Dentist as defendants, and allow a § 1983 claim for deliberate indifference

5

        under the Eighth Amendment to proceed against them;
vi.    The complaint shall be amended to add McRainey, Tyndell, and Tapps as defendants and allow a § 1983 conditions of confinement claim to proceed against them; and
vii.   Any and all other claims purportedly raised by the complaint(s) shall be dismissed in their entirety.

As such, plaintiff's motions to amend are granted in part and denied in part, and plaintiff is permitted to proceed in this action *only* as to those claims and defendants specifically enumerated above as being allowed to proceed. Defendants will encounter difficulty in discerning from the several amendments scattered across the docket exactly what claims plaintiff is stating and against whom. Accordingly, **plaintiff is ORDERED to file one single amended complaint** in conformance with this order, which shall state *only* those claims and defendants that have been specifically identified in this order as being permitted to proceed. The amended complaint shall not include any claims or defendants beyond those permitted specifically by this order. Plaintiff is cautioned that, if he fails to file an amended complaint in conformance with this order, plaintiff's action will be dismissed for failure to comply with this order. See Fed.R.Civ.P. 41(b). Plaintiff's amended complaint shall be filed within **thirty (30) days** of date of entry of this order.

2.    Other Motions

Plaintiff's motion requesting the United States Marshals Service to serve summons and complaint, and plaintiff's motion for extension of time to serve the complaint, are DENIED as premature where the court herein requires that plaintiff file one final amended complaint that shall serve as the operative document in this action. Upon receipt of plaintiff's amended complaint, the process of service shall commence in accordance with the rules.

## CONCLUSION

For the foregoing reasons, the court ADOPTS in full the findings and recommendations of

6

the magistrate judge (DE # 23). Plaintiff is ALLOWED to proceed with those claims herein identified, and plaintiff's motions to amend (DE ## 2, 5, 12) are GRANTED in part and DENIED in part. Plaintiff is ORDERED to file, within **thirty (30) days** of date of entry of this order, a final amended complaint in conformance with this order, stating only those claims that are specifically permitted to proceed. Plaintiff is cautioned that failure to abide by the court's requirements will result in dismissal of this action pursuant to Rule 41(b). Plaintiff's motion to appoint counsel (DE # 7) is DENIED. Plaintiff's motions regarding service (DE ## 25, 26) are DENIED.

SO ORDERED, this the 9th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

7

Case 5:11-cv-00101-FL   Document 33   Filed 08/09/11   Page 7 of 7